IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                           RESPONDENT

vs.                                    Criminal No. 6:18-cr-60015

DAGAN TURNER                                                              MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant is Dagan Turner ("Turner") who is proceeding *pro se.* On June 1, 2021, Turner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.[1] ECF No. 38. After being directed by the Court to respond, the Government filed a response to this Motion. ECF No. 41. The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion and the response; and based upon that review, the Court recommends this Motion be **DENIED**.

1.   **Procedural Background**:

On July 24, 2018, Turner was charged in a four-count Indictment issued by a Federal Grand Jury for the Western District of Arkansas. ECF No. 1. On April 4, 2019, Turner pled guilty to Count Three of the Indictment. ECF No. 21. Count Three provided as follows:

> On or about September 11, 2017, in the Western District of Arkansas, Hot Springs Division, the defendant, **DAGAN TURNER**, knowingly and intentionally distributed more than five (5) grams of methamphetamine, a Schedule II controlled

---

[1] Turner filed this Motion under 28 U.S.C. § 2255. However, it appears Turner is attacking the computation of his sentence pursuant to 28 U.S.C. § 2241. Turner's 2241 motion has already been denied by the Court. ECF No. 37. That motion was denied for two reasons: (1) Turner had not demonstrated his administrative remedies had been exhausted and (2) Turner had not filed that motion in the proper court. ECF No. 37. Turner now appears to provide support demonstrating his administrative remedies were exhausted. ECF No. 38. However, even if this 28 U.S.C. § 2255 motion were treated as a 28 U.S.C. § 2241 motion and this Court found Turner has now exhausted his administrative remedies, such a motion would still be dismissed because Turner still has not filed it in the proper court. Thus, the Court will not consider this as a 28 U.S.C. § 2241 motion (which would be denied) but will consider this motion as it was filed pursuant to 28 U.S.C. § 2255.

substance, in violation of Title 21, United States Code, § 841(a)(1) and Title 21, Unite States Code, § 841(b)(1)(B)(viii).

ECF No. 1 at 2.

On April 4, 2019, Turner's Plea Agreement was submitted. ECF No. 21. A Presentence Investigation Report ("PSR") was prepared, and a final PSR was filed on July 16, 2019. ECF No. 27. In this PSR, Turner was assigned a base level offense of 26 with a two-level increase for possession of a dangerous weapon, which yielded an adjusted offense level of 28. ECF No. 27 ¶¶ 40, 41, 45. Turner received total of three-points deduction for acceptance of responsibility. ECF No. 27 ¶¶ 47-48. This resulted in a total offense level of 25. ECF No. 27 ¶ 49. Turner was assigned a total criminal history score of 18 and a criminal history category of VI. ECF No. 27 ¶ 139. Turner's guideline term of imprisonment was found to be 110 to 137 months. *Id.*

On October 31, 2019, Turner appeared before the Honorable Susan O. Hickey and was sentenced to 92 months imprisonment. ECF No. 32. The judgment was entered on November 1, 2019. ECF No. 33. On June 1, 2021, Turner filed a *pro se* Motion for Relief under 28 U.S.C. § 2255. ECF No. 38. The Government responded to this Motion on July 2, 2021. ECF No. 41. In this response, the Government claims Turner's Motion is barred because it was untimely filed, and Turner has no excuse for his delay. ECF No. 41. Accordingly, the Government claims Turner's Motion must be dismissed. *Id.*

**2.      Applicable Law**:

A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ("Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255 .").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

3.   **Discussion**:

The Government claims Turner's Motion should be dismissed because it was untimely filed. Upon review, the Court agrees with the Government and finds Turner's Motion should be dismissed because it was untimely filed.

    A.   **One-Year Statute of Limitations**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law.  A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to § 2255(f). *See* 28 U.S.C. § 2255(f).  In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction.

In the present action, Turner's judgment became final on November 15, 2019, when 14 days passed without an appeal being filed.  *See* FED. R. APP. P. 4(b)(1)(A) (indicating a defendant in a criminal case has 14 days to file a notice of appeal).  Thus, Turner had until November 15, 2020 to file a timely § 2255 motion.  In the present action, Turner filed his § 2255 Motion on June 1, 2021. ECF No. 38.  Thus, it was untimely filed.  Accordingly, unless an exception to this statute of limitations applies, the Court lacks jurisdiction to consider the merits of his claims.

    B.   **Equitable Tolling**

Turner's claims are barred by the limitations period unless he can establish the period was tolled.  The Eighth Circuit Court of Appeals has found the doctrine of equitable tolling applies to 28 U.S.C. § 2255 motions but only where there are exceptional circumstances, such as the following:

3

(1) if there are "extraordinary circumstances" beyond a movant's control that would keep the movant from filing in a timely fashion; or (2) if the government's conduct "lulled" the movant into inaction through reliance on that conduct. *United States v. Hernandez,* 436 F.3d 851, 858 (8th Cir. 2006). Equitable tolling only applies when the circumstances that cause the delay in filing are external to the movant and not attributable to his or her actions. *Id.* The movant has the burden of establishing that equitable tolling should apply. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2015) (holding that a petitioner asserting a right to equitable tolling bears the burden of establishing both elements of the doctrine).

In the present action, Turner claims that "[d]ue to the Global Covid-19 pandemic, state, federal Governmental [governments] implemented lockdowns Petitioner seeks extension of the one-year statute of limitations in U.S.C. 2255." ECF No. 38 at 12. Turner claims that "[d]ue to quarantine, lockdowns, and subsequent exposure to the Covid-19 virus (which Petitioner recovered from) Petitioner was denied proper time and access to law research in several facility law library [libraries] where Petitioner could acquire proper documents, research, make copies, process form as well as Motions." *Id.* Turner claims he is entitled to equitable tolling to excuse his delay and his untimely Motion. *Id.*

Upon review, the Court cannot find a basis for equitable tolling. Equitable tolling only applies when the circumstances that cause the delay in filing are external to the movant and not attributable to his actions. *See United States v. Hernandez,* 436 F.3d 851, 858 (8th Cir. 2006). Turner has the burden of establishing that equitable tolling applies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (holding that a petitioner asserting a right to equitable tolling bears the burden of establishing both elements of the doctrine).

Turner has not met his burden of demonstrating his delay is excused. The COVID-19 pandemic does not automatically warrant equitable tolling for any movant who seeks it on that basis.

The movant must establish he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing this motion. *See, e.g., U.S. v. Henry,* 2020 WL 7332657, at *3-4 (W.D. Pa. Dec. 14, 2020) (holding "[t]he bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis"). *See also Donald v. Pruitt,* 853 F. App'x 230, at *6-7 (10th Cir. 2021) (recognizing "[t]he district court correctly concluded that Donald hasn't shown that he was pursing his rights diligently throughout the one-year window, including before the COVID-19 restrictions went into place").

Here, Turner has not demonstrated that he has been diligently pursuing his rights from the date his judgment was entered—November 1, 2019—through the time-period the COVID-19 restrictions were put in place several months later. Turner cannot now use the COVID-19 pandemic as an excuse for delaying his 28 U.S.C. § 2255 Motion.[2]

**4.      Conclusion**:

Turner's Motion is time-barred under the AEDPA one-year statute of limitations. At the very latest, he was required to file his 28 U.S.C. § 2255 Motion by November 15, 2020. Here, Turner waited until June 1, 2021 to file his 28 U.S.C. § 2255 Motion. This was over a six-months beyond one-year statute of limitations. Further, Turner has supplied no basis to apply equitable tolling to excuse his delay. Thus, this Court has no jurisdiction over this Motion.

**5.      Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No.

---

[2] Turner has submitted some documentation as to his administrative exhaustion of the BOP calculation of his sentence. ECF No. 38. His "Motion for Jail Time Credit" (ECF No. 36) and any associated administrative proceeding within the BOP regarding pre-sentencing credit for time served are not cognizable in a 28 U.S.C. § 2255 proceeding. Further, Chief United States Judge Susan O. Hickey denied this Motion for Jail Time Credit on May 13, 2021 and explained that it was not properly filed in this District. ECF No. 37. Turner disregarded Judge Hickey's directive and filed the instant Motion. Again, such an issue is not before the Court with this 2255 Motion. Here, Turner must demonstrate he was actively pursuant his rights under § 2255 to be entitled to equitable tolling.

38) be **DENIED** and dismissed with prejudice.³ The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **11th day of August 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

³ "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984).